UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED FABRICANTS STRAINRITE CORPORATION d/b/a THE STRAINRITE COMPANIES,<br><br>   Plaintiff,<br><br>v.<br><br>FILTER TECHNOLOGY INCORPORATED<br><br>   Defendant. | Civil Action No. |

COMPLAINT FOR PATENT INFRINGEMENT
(INJUNCTIVE RELIEF REQUESTED)
(JURY TRIAL DEMANDED)

Plaintiff United Fabricants Strainrite Corporation, d/b/a The Strainrite Companies ("Strainrite"), by its undersigned counsel, for its complaint against Filter Technology Incorporated states the following:

*Nature of this Action*

1. In the early 1990s, John Lapoint, Jr., the founder of Strainrite, recognized that the art of filtration devices was lacking a relatively inexpensive filtration device that could withstand the rigors of industrial filtration without clogging. In response, Mr. Lapoint set out to design a better filtration device. His efforts resulted in U.S. Patent No. 5,549,826 (the "'826 patent") and Strainrite's valu-life (column) bags, which embody the invention claimed in the '826 patent. Strainrite's customers have lauded the quality and value of the patented invention. Now, defendant Filter Technology Incorporated is marketing a cheap knock-off of the valu-life (column) bag which infringes the '826 patent. This action is brought to put an end to the infringement and to recover damages for the harm caused by defendant.

*The Parties*

2.  Plaintiff United Fabricants Strainrite Corporation, d/b/a The Strainrite Companies, is a Maine corporation with a principal place of business of 65 First Flight Dr., Auburn, ME, 04210.

3.  Defendant Filter Technology Incorporated ("Filter Tech") is an Illinois corporation with a principal place of business in Chicago, Illinois.  It sells filter bags, including the infringing SP 25 P2S-H-8T filter bag, which product is sold and shipped to customers in Maine and elsewhere in the United States.

*Jurisdiction and Venue*

4.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) (patents).

5.  This district is a proper venue for this action under 28 U.S.C. §§ 1391(b) and (c) because defendant has marketed and sold the infringing SP 25 P2S-H-8T filter bag in this district, and throughout the United States, and it has actively induced and contributed to the infringement of the patent at issue in this district, and throughout the United States.

*The Patent-in-Suit*

6.  John Lapoint, Jr. designed an improved filtration bag, the pores of which were capable of remaining relatively unclogged for a relatively long period of time.  He applied for a patent on the invention on June 10, 1994.

7.  On August 27, 1996, having duly examined the patent application, the United States Patent and Trademark Office properly issued U.S. Letters Patent No. 5,549,826 (the "'826 patent") to Mr. Lapoint.  A copy is attached as Exhibit A.

8.  The '826 patent is assigned to Strainrite.

*Defendants' Wrongful Conduct*

9.  Defendant markets and sells in the United States flange and ring style filter bags and in particular a filter bag bearing the product number SP 25 P2S-H-8T.

10.  On information and belief, defendant obtained and copied a version of plaintiff's valu-life (column) bag in developing its own competing product.

11.  On information and belief, defendant is and has been aware of the '826 patent.

## COUNT I
## WILLFUL PATENT INFRINGEMENT

12.  Plaintiff incorporates by reference the averments in paragraphs 1-11 as if set forth here in full.

13.  By making, having made, using, selling, and offering for sale filter bags, including the filter bag bearing product number SP 25 P2S-H-8T, which embody the invention claimed in the '826 patent, defendant has directly infringed the '826 patent.

14.  These acts of infringement by defendant have been committed with full knowledge of the '826 patent and of plaintiff's rights under the patent, and in objectively reckless and willful disregard of those rights.

15.  Plaintiff has been injured and has sustained lost profits and other damages as a direct result of defendant's infringing conduct.  It will suffer additional irreparable damage and impairment of the value of the '826 patent unless defendant is enjoined from continuing its infringing activities.

16.  This is an exceptional case under 35 U.S.C. § 285, entitling plaintiff to recover its reasonable attorneys fees and expenses.

*Prayer for Relief*

WHEREFORE, plaintiff asks this Court to order:

A. That judgment be entered against defendant for infringing the '826 patent;

B. That defendant and its officers, agents, attorneys and employees, and those acting in concert with them, be preliminarily and permanently enjoined from infringing, inducing or contributing to the infringement of the '826 patent;

C. That defendant pays damages adequate to compensate plaintiff for the infringement of the '826 patent, together with prejudgment interest and costs;

D. That the compensatory damages be trebled pursuant to 35 U.S.C. § 284 to account for the willful nature of the infringement;

E. That reasonable attorneys fees be awarded to plaintiff because this is an exceptional case; and

F. That plaintiff is awarded such other and further relief as the Court may deem proper.

Dated this 30th day of May, 2008.

s/Robert H. Stier, Jr.
Robert H. Stier, Jr.

s/Michael J. Sullivan
Michael J. Sullivan

Pierce Atwood LLP
One Monument Square
Portland, Maine  04101-1110
(207) 791-1100

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

                                                   s/Michael J. Sullivan  
                                                 Michael J. Sullivan